IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| CONNOR PENSION CORPORATION DEFINED BENEFIT PLAN, TERRY CONNOR, and HOLLY CONNOR,<br><br>Plaintiffs,<br><br>vs.<br><br>GOODNIGHT CATTLE COMPANY LLC, TIMOTHY F. GOODNIGHT II, TFG FINANCIAL, INC., and GOODNIGHT CAPITAL MANAGEMENT, INC.,<br><br>Defendants. | No. C08-0010<br><br>RULING ON MOTION TO DISMISS COUNTERCLAIM |

This matter comes before the Court on the Motion to Dismiss Timothy Goodnight's Counterclaim (docket number 26) filed by Terry Connor on August 18, 2008. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

### *BACKGROUND FACTS*

On January 4, 2008, Plaintiffs Connor Pension Corporation Defined Benefit Plan, Terry Connor, and Holly Connor filed a Petition at Law (docket number 4) in the Iowa District Court for Floyd County, seeking damages for alleged breach of contract (Count I), breach of fiduciary duty (Count II), negligence (Count III), negligent misrepresentation (Count IV), fraudulent misrepresentation (Count V), fraudulent nondisclosure (Count VI), conversion (also denominated as "Count VI"), and violation of securities laws (Count VII). The action was removed to the United States District Court for the Northern District of Iowa on January 18, 2008.

1

On January 29, 2008, Defendants filed a motion to dismiss Counts V, VI, and VII, or for a more definite statement, arguing that "[t]he Complaint fails to state a claim because the Plaintiffs' allegations of fraud fail to satisfy the heightened pleading requirements required by the Federal Rules of Civil Procedure." *See* Defendants' Brief (docket number 5-2) at 2. Rather than respond directly to the motion to dismiss, however, Plaintiffs filed a First Amended Complaint (docket number 11).[1] The amended complaint asserted additional facts, apparently in response to the issues raised by Defendants in their motion to dismiss.

On March 7, 2008, Defendants filed a motion to dismiss the First Amended Complaint, arguing that the amended petition failed to state a claim against Defendants Goodnight Cattle Company LLC and TFG Financial, Inc., and that Counts V, VI, and VII still failed to allege fraud with sufficient particularity. The Court denied Defendants' motion to dismiss, but ordered Plaintiffs to provide a more definite statement regarding what securities laws were violated, as alleged in Count VIII of the First Amended Complaint.[2]

On July 8, 2008, Plaintiffs filed a Second Amended Complaint (docket number 22) in eight counts. On July 28, 2008, Defendants filed an answer to the Second Amended Complaint and Defendant Timothy F. Goodnight II filed a counterclaim against Plaintiff Terry Connor, seeking damages for defamation. (*See* docket number 25).

On August 18, 2008, the Counterclaim Defendant, Terry Connor ("Connor"), filed the instant Motion to Dismiss. Connor asserts that he "has not been given enough information to adequately respond to the allegation made." *See* Motion to Dismiss (docket

---

[1] In their First Amended Complaint, Plaintiffs correct the numbering error by identifying the conversion claim as Count VII and the violation of securities laws claim as Count VIII.

[2] With the consent of the parties, this case has been referred to the undersigned Magistrate Judge for all further proceedings, pursuant to 28 U.S.C. § 636(c). *See* Order of Reference (docket number 20) at 3.

2

number 26), ¶ 4 at 1. The Counterclaimant, Timothy F. Goodnight II ("Goodnight"), did not file a response to the Motion to Dismiss, and the time for doing so has now expired. Instead, Goodnight filed an Amended and Substituted Counter-Claim (docket number 27), which is apparently intended to address the complaints raised by Connor in his motion to dismiss.

## DISCUSSION

Initially, the Court believes that better practice would call for Goodnight to respond to the motion to dismiss. The Court notes, however, that Plaintiffs employed a similar procedure in their non-response to Defendants' first motion to Dismiss. That is, rather than resisting Defendants' motion to dismiss their petition at law, Plaintiffs abandoned the petition and filed their First Amended Complaint.[3] Since Plaintiffs abandoned their original petition at law, the Court denied Defendants' initial motion to dismiss as moot. *See* Order Regarding Motion to Dismiss (docket number 21) at 2, n.1.

Similarly, rather than respond to Connor's motion to dismiss, Goodnight simply filed an amended and substituted counterclaim, which apparently is intended to address the issues raised by Connor in his motion to dismiss. A party may amend its pleading once as a matter of course before being served with a responsive pleading. FED. R. CIV. P. 15(a)(1)(A). By filing an amended and substituted counterclaim, Goodnight has abandoned his original counterclaim. Accordingly, Connor's instant Motion to Dismiss is moot.[4]

---

[3] Plaintiffs asserted that they "have prepared a resistance to Defendants' motion, but upon further reflection have decided it might be more efficient for all concerned if Plaintiffs file a first amended Complaint in an effort to eliminate some or all of the issues raised by Defendants." Plaintiffs' Motion for Extension of Time to Respond to Motion to Dismiss for Failure to State Claim (docket number 7), ¶ 4 at 2.

[4] Obviously, however, if Connor believes that Goodnight's Amended and Substituted Counterclaim is defective, then he may file an appropriate motion.

3

## ORDER

IT IS THEREFORE ORDERED that the Motion to Dismiss Timothy Goodnight's Counterclaim (docket number 26) filed by Terry Connor on August 18, 2008 is hereby **DENIED** as moot.

DATED this 9th day of September, 2008.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA