IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| CONNOR PENSION CORPORATION DEFINED BENEFIT PLAN, TERRY CONNOR, and HOLLY CONNOR,<br><br>Plaintiffs,<br><br>vs.<br><br>GOODNIGHT CATTLE COMPANY LLC, TIMOTHY F. GOODNIGHT II, TFG FINANCIAL, INC., and GOODNIGHT CAPITAL MANAGEMENT, INC.,<br><br>Defendants. | No. C08-0010<br><br>ORDER DENYING MOTION TO COMPEL |

This matter comes before the Court on the Motion to Compel (docket number 41) filed by the Defendants on January 28, 2009, the Resistance (docket number 45) filed by the Plaintiffs on February 4, 2009, and the Reply (docket number 47) filed by the Defendants on February 9, 2009. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

*RELEVANT FACTS*

On January 4, 2008, Plaintiffs Connor Pension Corporation Defined Benefit Plan, Terry Connor, and Holly Connor filed a Petition at Law (docket number 4) in the Iowa District Court for Floyd County, seeking relief against Defendants Goodnight Cattle Company LLC, Timothy F. Goodnight II, TFG Financial, Inc., and Goodnight Capital Management, Inc. The petition was brought in eight counts and alleges breach of contract, breach of fiduciary duty, negligence, negligent misrepresentation, fraudulent misrepresentation, fraudulent nondisclosure, conversion, and violation of securities laws.

1

The action was removed to the United States District Court for the Northern District of Iowa on January 18, 2008. Plaintiffs filed a First Amended Complaint and on July 8, 2008, Plaintiffs filed a Second Amended Complaint (docket number 22).

The second amended complaint describes in paragraph 10 how Plaintiff Terry Connor ("Connor") first met Defendant Tim Goodnight ("Goodnight") when Goodnight was dating one of Connor's daughters. Goodnight was married to Connor's daughter for a short period of time and the complaint claims that Connor considered Goodnight "the son he never had." Connor claims that Goodnight persuaded him to invest a substantial amount of money in a cattle feeding business. According to the second amended complaint, Goodnight told Connor that "he would receive annualized returns of 30%." The complaint further claims, however, that "[c]ontrary to Defendants' express representations and without Plaintiffs' knowledge or consent, Plaintiffs' funds were used to trade high risk bond options through TFG Financial, Inc., to invest in speculative real estate, and to support Tim Goodnight's extravagant lifestyle."[1] Much of Plaintiffs' investment was lost. Goodnight and the other Defendants deny the material allegations contained in the second amended complaint.

## ISSUE PRESENTED

On January 28, 2009, Defendants filed the instant motion to compel. Defendants request that Plaintiffs be ordered to "provide a full and complete answer" to interrogatory number 7. The interrogatory and Plaintiffs' response are set forth below.

> INTERROGATORY NO. 7: As to each investment of money made by each plaintiff during the ten years immediately prior to the filing of the petition in this action, state:
>
> (a) The entity or individual through whom the investment was made, setting form the name and last known address and account number.

---

[1] *See* Second Amended Complaint, ¶ 19 at 5 (docket number 22 at 5).

(b) The nature of the investment.

(c) A general description of the performance of the investment.

(d) The current status of each such investment.

(e) The purpose of each such investment

ANSWER: Plaintiffs object to this interrogatory as overly broad, unduly burdensome, and not likely to lead to discovery of any relevant information.

*See* Answers to Defendants' First Set of Interrogatories, attached to Defendants' Motion to Compel as Exhibit 1 (docket number 41-2 at 2).

Defendants argue that in Plaintiffs' pleadings, "plaintiffs have tried to paint a picture of Timothy Goodnight as someone who sought to take advantage of a naive small town Iowa pharmacist and his family."[2] To support that claim, Defendants cite paragraph 10 in the second amended complaint, which describes how Connor met Goodnight, and the nature of their relationship. Plaintiffs respond that the paragraph cited by Defendants "simply presents factual information as to how Plaintiffs came to know Defendant Tim Goodnight II. Plaintiffs have never asserted nor implied that Terry Connor is naive."[3] According to Plaintiffs, "[t]he level of Terry Connor's 'sophistication' is not relevant to any claim or defense in this lawsuit."[4]

## DISCUSSION

Initially, the Court notes that Defendants failed to comply with Local Rule 7.d, which requires that "[f]or every motion, the moving party must prepare a brief containing a statement of the grounds for the motion and citations to the authorities upon which the

---

[2] *See* Defendants' Motion to Compel, ¶ 2 at 1 (docket number 41 at 1).

[3] *See* Plaintiffs' Resistance to Motion to Compel, ¶ 6 at 3 (docket number 45 at 3).

[4] *See* Plaintiffs' Resistance to Motion to Compel, ¶ 5 at 2 (docket number 45 at 2).

3

moving party relies." Defendants did not file a brief in support of their motion, nor did they cite any authority in support of their argument, other than FEDERAL RULE OF CIVIL PROCEDURE 37(a)(3)(B)(iii). If a party fails to brief an issue in more than a "perfunctory manner," then the court may consider the issue waived. *Ramirez v. Debs-Elias*, 407 F.3d 444, 447 at n.3 (1st Cir. 2005) (cited with approval in *United States v. Johnson*, 403 F. Supp. 2d 721, 764 (N.D. Iowa 2005)). *See also Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004) ("Since there was no meaningful argument on this claim in his opening brief, it is waived."). Nonetheless, the Court will address the motion on its merits.

The familiar standard governing the scope of discovery generally is found in FEDERAL RULE OF CIVIL PROCEDURE 26(b)(1): "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." In a discovery context, relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). *See also Archer Daniels Midland Co. v. AON Risk Services, Inc.*, 187 F.R.D. 578, 589 (D. Minn. 1999) (The relevancy standard "is widely recognized as one that is necessarily broad in its scope, in order to allow the parties essentially equal access to the operative facts."). While the standard to be applied is one of liberality, however, "relevancy under Rule 26 is not without bounds." *Bredemus v. International Paper Co.*, 252 F.R.D. 529, 533 (D. Minn. 2008). *See also Oppenheimer Fund*, 437 U.S. at 351 ("At the same time, 'discovery, like all matters of procedure, has ultimate and necessary boundaries.'") (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

Here, Defendants request that Plaintiffs provide detailed information regarding every investment which they made during the last ten years, including account numbers. In support of their request, Defendants argue that the information is necessary to rebut Plaintiffs' claim that Goodnight took advantage of "a naive small town Iowa pharmacist."

There is nothing in Plaintiffs' pleadings, however, to suggest that Terry Connor was not a sophisticated investor. In their resistance to the instant motion, Plaintiffs state explicitly that they do not claim that Terry Connor is naive, or otherwise assert a lack of "investment sophistication."

Some questions regarding the nature of Plaintiffs' prior investments may be relevant to the issues in this case. For example, if Plaintiffs previously invested in a cattle feeding operation or similar venture, then that information may be relevant to their knowledge of the investment proposed by Defendants. Interrogatory number 7 would require, however, that Plaintiffs provide detailed information regarding every certificate of deposit, mutual fund, stock purchase, real estate transaction, or other similar investment made by them over the last ten years. Defendants have failed to articulate why that information is relevant to the issues raised in this case, or that it is reasonably calculated to lead to the discovery of admissible evidence. Instead, Defendants argue that the information is relevant to Connor's sophistication as an investor. Plaintiffs will not claim, however, that Connor was naive or otherwise lacked "sophistication" as an investor.

The party resisting production of the requested information bears the burden of establishing lack of relevancy. *St. Paul Reinsurance Co., LTD v. Commercial Financial Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000). Accordingly, Plaintiffs have the burden of establishing that a detailed accounting of their investments over the last ten years is not relevant to the issues raised in this case. The Court concludes that Plaintiffs have met their burden in this regard. Interrogatory number 7 is overly broad and unduly burdensome. While Rule 26(b) "is widely recognized as a discovery rule which is liberal in scope and interpretation," and "the standard of relevance in the context of discovery is broader than in the context of admissibility," these familiar legal principles "should not be misapplied so as to allow fishing expeditions in discovery." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Accordingly, the Court finds that the motion to compel should be denied.

## *ORDER*

IT IS THEREFORE ORDERED that the Motion to Compel (docket number 41) filed by the Defendants is hereby **DENIED**.

DATED this 23rd day of February, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA